**Motion Denied and Order filed November 27, 2018**



In The

# Fourteenth Court of Appeals

———————

NO. 14-16-00413-CR
NO. 14-16-00414-CR

———————

**OVERILLE DENTON THOMPSON, JR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause Nos. 1445929 and 1445930**

---

## ORDER

Appellant filed a motion for mandatory disqualification of Justices Boyce, Christopher, and Busby. The body of his motion makes clear appellant relies on the grounds for recusal of an appellate justice. *See* Tex. R. App. P. 16.2.

The grounds for recusal of an appellate justice or judge are the "same as those provided in the Rules of Civil Procedure." *Id.* Rule 18b(2) of the Texas Rules of Civil Procedure identifies the grounds for recusal. Tex. R. Civ. P. 18b(2). It states a

judge shall recuse himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned or the judge has a personal bias or prejudice concerning a party. Tex. R. Civ. P. 18b(2)(a), (b).

Rule 16.3 of the Texas Rules of Appellate Procedure prescribes the procedure to be followed for recusal of an appellate justice or judge:

> Before any further proceeding in the case, the challenged justice or judge must either remove himself or herself from all participation in the case or certify the matter to the entire court, which will decide the motion by a majority of the remaining judges sitting en banc. The challenged justice or judge must not sit with the remainder of the court to consider the motion as to him or her.

Tex. R. App. P. 16.3(b).

Pursuant to the procedure set forth in Rule 16.3(b), upon the filing of the recusal motion and prior to any further proceedings in this appeal, each of the challenged justices of this court considered the motions in chambers. *Id.* Justices William J. Boyce, Tracy Christopher, and Brett Busby each found no reason to recuse himself or herself and certified the matter in writing to the remaining members of the court en banc. *See id.* This court then followed the accepted procedure set out in Rule 16.3(b). *See Manges v. Guerra*, 673 S.W.2d 180, 185 (Tex. 1984). The justices then deliberated and decided the motion to recuse with respect to each challenged justice by a vote of the remaining participating justices en banc. No challenged justice sat with the other members of the court when his or her challenge was considered. *See* Tex. R. App. P. 16.3(b).

Having considered the motions as to each challenged justice, and finding no basis for recusal, the request to recuse is denied with respect to each challenged justice. The court enters the following orders:

2

## ORDER DENYING REQUEST AS TO JUSTICE WILLIAM J. BOYCE

In accordance with Rule 16.3(b), Justice Boyce certified to the en banc court appellant's request to recuse him. This court, Justices Boyce and Brown not participating, finds no reason to recuse Justice Boyce. *See* Tex. R. App. P. 16.2; Tex. R. Civ. P. 18b(2). Accordingly, appellant's request to recuse Justice Boyce is denied.

Boyce, J., and Brown, J. not participating.

## ORDER DENYING REQUEST AS TO JUSTICE TRACY CHRISTOPHER

In accordance with Rule 16.3(b), Justice Christopher certified to the en banc court appellant's request to recuse her. This court, Justices Christopher and Brown not participating, finds no reason to recuse Justice Christopher. *See* Tex. R. App. P. 16.2; Tex. R. Civ. P. 18b(2). Accordingly, appellant's request to recuse Justice Christopher is denied.

Christopher, J., and Brown, J. not participating.

## ORDER DENYING REQUEST AS TO JUSTICE BRETT BUSBY

In accordance with Rule 16.3(b), Justice Busby certified to the en banc court appellant's request to recuse him. This court, Justices Busby and Brown not participating, finds no reason to recuse Justice Busby. *See* Tex. R. App. P. 16.2; Tex. R. Civ. P. 18b(2). Accordingly, appellant's request to recuse Justice Busby is denied.

Busby, J., and Brown, J. not participating.

PER CURIAM

En Banc

Brown, J. not participating